UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF THE SOUTHWEST,<br><br>                 Plaintiff,<br><br>  v.<br><br>MARTIN CHAVEZ ZARAGOZA,<br><br>                 Defendant. | Case No. 3:24-cv-05189-TMC<br><br>ORDER GRANTING DEFAULT JUDGMENT |

## I. INTRODUCTION

Plaintiff Life Insurance Company of the Southwest (LSW) filed this action seeking rescission of a life insurance policy it issued to Defendant Martin Chavez Zaragoza. Dkt. 1. Despite being served with the lawsuit, Mr. Zaragoza has not appeared or responded. Dkt. 6, 7. The Clerk entered an order of default, and LSW has filed a motion for default judgment. Dkt. 10, 11. Because LSW has met the standard for default judgment, the Court GRANTS the motion.

## II. BACKGROUND

On March 6, 2024, LSW filed its complaint seeking declaratory relief and rescission of a life insurance policy it issued to Mr. Zaragoza. Dkt. 1. According to the complaint and documents submitted with the default judgment motion, Zaragoza applied for a $200,000 life

ORDER GRANTING DEFAULT JUDGMENT - 1

insurance policy from LSW on March 9, 2022. Dkt. 1 at ¶ 5. The application warns that the applicant must provide "complete and accurate" responses, and that if LSW determines "that any answers . . . are incorrect, incomplete or untrue," the company "may have the right to deny benefits or terminate coverage." *Id.*

When answering the questions on the application, Zaragoza indicated he had not (1) been diagnosed, treated, tested positive for, or been given medical advice about any cirrhosis, abnormal condition of the liver, or blood disorders within the past 10 years; (2) consulted with a physician other than his personal physician within the past 5 years; or (3) had any medical tests or procedures within the past five years. Dkt. 12-2 at 10. Zaragoza signed the application and affirmed his answers were true. *Id.* at 12. Based on Zaragoza's answers, LSW issued the policy on March 10, 2022. Dkt. 1-1.

In late 2023, within the two-year contestability period under the policy, Zaragoza made a claim for "accelerated benefits," which allow a policyholder to receive an early discounted benefit payment if they have a terminal illness. *See* Dkt. 1-1 at 4. This led LSW to conduct a routine contestability investigation. Dkt. 12-1. LSW obtained Zaragoza's medical records as part of that investigation, which showed that—contrary to the statements in his application—he had been diagnosed with and treated for cirrhosis and a blood disorder, consulted with specialists in hepatology and oncology, and had medical tests or procedures related to these diagnoses within the relevant time periods. *See* Dkt. 12-2 at 1–3.

On March 6, 2024, LSW wrote to Zaragoza that it had determined the policy "is void because of misrepresentations and omissions of material fact in the Application process." Dkt. 12-2 at 4. LSW enclosed a check for $2,262.17, representing a refund of premiums paid plus interest. *Id.* Zaragoza cashed the check on March 21, 2024. Dkt. 12-3.

ORDER GRANTING DEFAULT JUDGMENT - 2

Also on March 6, 2024, LSW filed this lawsuit seeking a declaratory judgment that it was entitled to rescind the policy. Dkt. 1. Zaragoza was personally served on March 11 but failed to appear or file a responsive pleading. Dkt. 6. LSW moved for default and the Clerk entered an order of default on April 15. Dkt. 7, 10. LSW then filed this motion for default judgment, requesting an order declaring that the policy is "rescinded and void ab initio." Dkt. 11-1.

### III.   DISCUSSION

**A.   Jurisdiction**

The Court first examines its jurisdiction when evaluating a motion for default judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court finds that it has diversity jurisdiction because the parties are citizens of different states and the amount in controversy—the value of the policy—exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). The Court finds that it has personal jurisdiction over Zaragoza because he resides in Washington state. *See* Dkt. 1, 6.

**B.   Legal Standard for Default Judgment**

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "the well-pleaded factual allegations in the complaint as true, except those relating to the amount of damages." *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations and quotation marks omitted)); Fed. R. Civ. P. 8(b)(6). Courts also do not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Courts weigh the following factors ("*Eitel* factors") in deciding motions for default judgment:

ORDER GRANTING DEFAULT JUDGMENT - 3

>(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016) (discussing how district courts "weigh" the *Eitel* factors). Entry of default judgment is left to a court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If a court determines that default judgment is appropriate, it then determines the relief that should be given. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

**C.    LSW is entitled to default judgment.**

The Court agrees with LSW that the *Eitel* factors favor entry of default judgment.

*1.    Possibility of prejudice to LSW*

Zaragoza has failed to appear, respond, or otherwise participate in this lawsuit. His decision to cash the check refunding the policy premiums also suggests he does not intend to defend the action. *See* Dkt. 12-3. Without entry of default judgment, LSW will not be able to obtain a judgment on the merits, and "faces prejudice by not being able to obtain complete relief on its claims." *Principal Life Ins. Co. v. Hill*, No. C21-1716-MJP, 2022 WL 2718087, at *2 (W.D. Wash. July 13, 2022). This factor favors entry of default judgment.

*2.    Merits of claim and sufficiency of complaint*

The second and third *Eitel* factors, concerning the merits of the plaintiff's claim and the sufficiency of their complaint, are "often analyzed together." *See, e.g.*, *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing *PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). These two factors weigh in favor of default judgment when the plaintiff's complaint contains "sufficient factual matter, accepted as true, to

ORDER GRANTING DEFAULT JUDGMENT - 4

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted); *see Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Courts cannot enter default judgment if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).

Here, LSW seeks a declaratory judgment that it was entitled to rescind the policy. Recission under Washington law is governed by RCW 48.18.090, which provides:

> (2) In any application for life or disability insurance made in writing by the insured, all statement therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.

*Id.* An insurer may rescind a policy under RCW 48.18.090 upon satisfying four factors: "(1) the policyholder represented as truthful certain information during the negotiation of the insurance contract; (2) those representations were untruthful, or misrepresentations; (3) the misrepresentations were material; and (4) the misrepresentation were made with the intent to deceive." *Karpenski v Am. Gen. Life Cos.*, LLC, 999 F. Supp. 2d 1235, 1243 (W.D. Wash. 2014).

Where, as here, the rescission is pursuant only to RCW 48.18.090(2), "actual intent to deceive does not necessarily need to be established in order to rescind the insurance agreement." *Id.* (quotation marks and citations omitted). Instead, "the insurer seeking to rescind must establish that . . . false statements were made with either (1) actual intent to deceive, or (2) that they materially affected either the acceptance of risk or the hazard assumed by the insurance company." *Id.* at 1244. "Proof that a material false statement was made knowingly raises the presumption that it was made with intent to deceive," and "a misrepresentation is material if it

ORDER GRANTING DEFAULT JUDGMENT - 5

changes the nature of the risk such that the insurance carrier either would not have issued the policy or would have charged a higher premium had the truth been known." *Id.*

The allegations in LSW's complaint (which the Court accepts as true), combined with the exhibits submitted in support of default judgment, show that Zaragoza made false statements on his application that materially affected the acceptance of risk or the hazard assumed by LSW. LSW has made out a claim for rescission under RCW 48.18.090(2), and these factors weigh in favor of default judgment.

    3.    *Sum of money at stake*

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The Court assesses whether the amount of money sought is proportional to the harm caused by Defendants' conduct. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). LSW is not seeking any monetary judgment against Zaragoza. This factor weighs in favor of default judgment.

    4.    *The possibility of dispute concerning material facts*

As for the fifth *Eitel* factor, the Court finds it unlikely that any disputes of material fact remain. Once default is entered, well-pleaded factual allegations in the complaint are taken as true except for allegations relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18. LSW's exhibits also support the allegations in the complaint. *See* Dkt. 12. This factor weighs in favor of default judgment.

    5.    *Whether default was due to excusable neglect*

Under the sixth *Eitel* factor, the Court examines whether Zaragoza's default resulted from excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. LSW has provided evidence that

ORDER GRANTING DEFAULT JUDGMENT - 6

Zaragoza was served, *see* Dkt. 6, and there is no evidence suggesting that his failure to respond is the result of excusable neglect. On the contrary, his decision to cash the check accompanying the rescission letter suggests he does not dispute the decision. *See* Dkt. 12-3. This factor weighs in favor of default judgment.

6. *Policy favoring decisions on the merits*

Finally, the seventh *Eitel* factor favors that courts decide cases "upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But when a defendant fails to appear or defend themselves in an action, the policy favoring decisions on the merits is not dispositive. *See PepsiCo*, 238 F. Supp. 2d at 1177. Indeed, Federal Rule of Civil Procedure 55 allows courts to issue a default judgment if a defendant fails to appear or defend. *Id*. The Court finds that the seventh *Eitel* factor does not prevent default judgment here.

**D.   Rescission**

Since all *Eitel* factors weigh in favor of entry of default judgment, the Court now turns to remedies. *See TeleVideo Sys., Inc.*, 826 F.2d at 917–18. LSW seeks a declaratory judgment that it was entitled to rescind the policy under RCW 48.18.090. Having considered the complaint and supporting exhibits, the Court finds that LSW is entitled to rescission under the statute.

### IV.   CONCLUSION

For the reasons explained above, the Court GRANTS Plaintiff LSW's motion for default judgment (Dkt. 11) and ORDERS as follows: the life insurance coverage on the life of Defendant Martin Chavez Zaragoza under Policy 750501200 is declared to be rescinded and void *ab initio*.

Dated this 20th day of June, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT - 7